## MARTIN v. UNIVERSAL TRUST CO.

### UNIVERSAL TRUST CO. v. MARTIN et al.

(Supreme Court, Appellate Division, Second Department.  November 14, 1902.)

1. SETTING CASES FOR TRIAL—JURISDICTION OF JUSTICE—PRESIDING AT TERM FOR MOTIONS.

    The justice presiding at a special term for the hearing of motions, having opened a default, ordered the clerk of the special term for the trial of issues to place the case on the calendar of that special term, for trial on February 21st. *Held*, that the order was binding to the extent that, so long as it remained unmodified, the case could not be moved at the special term for trial before the date set.

2. SAME—CHANGE OF TIME—NOTICE TO PARTIES.

    The justice presiding at the special term for trials has no power to modify the order of the special term for motions setting case for trial at the instance of one of the parties, without notice to the other.

Appeal from special term, Kings county.

Actions by Sarah Martin against the Universal Trust Company, and by the Universal Trust Company against Sarah Martin and others. From an order denying her motion to vacate two default judgments entered against her, Sarah Martin appeals.  Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Joseph Martin, for appellant.

G. E. Waldo, for respondent.

WILLARD BARTLETT, J.  Sarah Martin, the appellant, was the plaintiff in an action brought against the Universal Trust Company, and one of the defendants in an action brought by that corporation. These two suits were consolidated by consent, and ordered to be tried as one action.  The consolidated suit came on for trial at a special term held by Mr. Justice Gaynor, and various proceedings were had, which finally resulted in the direction of judgment by default against Sarah Martin.  A motion was made in her behalf to open the default, and upon that application an order was made on February 10, 1902, at a special term for the hearing of motions held by Mr. Justice Dickey, opening the default upon the payment of motion costs, and directing the clerk of the special term for the trial of issues to place the consolidated causes upon the calendar of that special term for trial on the 21st day of February, 1902.

It is contended, in behalf of the attorney for the Universal Trust Company, that it was the intention of Mr. Justice Dickey to set the case down for trial on February 11th, instead of February 21st; but there is no doubt that the latter date was the date stated in the order as actually made.  Thereupon, by the direction of Mr. Justice Gaynor, the attorney for the Universal Trust Company served a notice upon the attorney for Sarah Martin to the effect that the consolidated

78 N.Y.S.—30

action was set down for trial on February 13, 1902, at 10 o'clock in the forenoon. At that time counsel on both sides appeared before Mr. Justice Gaynor at the special term for the trial of issues, and an application was made, in behalf of Sarah Martin, to strike the case from the calendar upon the ground that it was improperly there at that time, in view of the order made by Mr. Justice Dickey in opening the default, which order provided that the trial should go on upon the 21st of February; and therefore that the case could not be properly proceeded with before that date. This motion was denied, and the judgments against Sarah Martin were then rendered by direction of Mr. Justice Gaynor. On the day after these judgments had been directed (February 14, 1902), Mr. Justice Dickey resettled his order opening the default, by inserting therein the 11th instead of the 21st of February, as the date upon which the consolidated action should be tried. Upon these facts it seems quite clear that the judgments were irregularly rendered. At the time of their rendition, the order made by Mr. Justice Dickey, providing that the trial should take place on the 21st, was in full force and effect. Of course, the judge presiding at the special term for the hearing of motions where the default was opened could not control the action of the judge presiding at the special term for trials, so as to compel him to try the case on any particular day. The judge holding the special term for trials had control over his own calendar, and if it was not convenient for him, with reference to the proper disposition of other business, to try this particular case on the 21st of February, rather than at a later day, he was under no obligation to do so. The order of Mr. Justice Dickey, however, was effective to this extent: so long as it remained unchanged it precluded the Universal Trust Company from moving the case at the special term for trials before the 21st.

Certainly, Mr. Justice Gaynor had no power to modify its terms, at the instance of the Universal Trust Company, without notice to Sarah Martin; and the modification made by Mr. Justice Dickey himself, upon an application for resettlement the day after the judgments were taken, could not operate to cure the irregularity. For these reasons I think that the motion to vacate the judgments, which was denied by the order now under review, should have been granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.